United States District Court
Southern District of Texas
**ENTERED**
June 30, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| PRESTON HOLLOW CAPITAL, LLC, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:19–CV–00185 |
| | § | |
| MARK C. BOULDIN, ET AL., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S
MEMORANDUM AND RECOMMENDATION, DISCHARGING
RECEIVER, AND APPROVING FINAL ACCOUNTING**

On August 19, 2019, this case was referred to United States Magistrate Judge Andrew M. Edison pursuant to 28 U.S.C. § 636(b)(1)(B).  Dkt. 21.  On February 21, 2020, Judge Edison filed a Memorandum and Recommendation (Dkt. 116) recommending that this case be **DISMISSED** for lack of subject-matter jurisdiction after raising the issue *sua sponte*.

On March 6, 2020, Preston Hollow Capital, LLC, filed its Objections.  *See* Dkt. 117.  In accordance with 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made."  After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id.*; *see also* FED. R. CIV. P. 72(b)(3).

The court has carefully considered the Objections; the Memorandum and Recommendation; the pleadings; and the record.  The court **ACCEPTS** Judge Edison's Memorandum and Recommendation and **ADOPTS** it as the opinion of the court.  It is therefore **ORDERED** that Judge Edison's Memorandum and Recommendation (Dkt. 116) is **APPROVED AND ADOPTED** in its entirety as the holding of the court.

The court also denies Plaintiff's Conditional Opposed Motion to Stay Dissolution of Receivership Pending Appeal and Supporting Memorandum.  *See* Dkt. 118.

In addition, the court **GRANTS** Receiver's Motion to Discharge Receiver and Approve Final Accounting (Dkt. 129), and discharges the Receiver (Healthcare Management Partners, LLC, and Derek A. Pierce) and fully resolves the Receivership in accordance with the following:

1.   The Final Accounting (Dkt. 129-1) is approved and, upon making any remaining disbursements set forth in the Final Accounting, the Receiver shall file notice of the same with the court and, immediately upon such filing, the Receiver is discharged from any further duties, responsibilities, or obligations under or pursuant to the Receivership Order (Dkt. 57), applicable law, or otherwise.

2.   The disbursements made by the Receiver as set forth in the Final Accounting are binding on all creditors and parties in interest, and all creditors and parties in interest are barred from asserting claims against the Receiver or Property (as described in Exhibit 1 and Exhibit 2 to the Receivership Order) on account of the distributions set forth in the Final Accounting.

3.   The disbursements made by the Receiver as set forth in the Final Accounting are binding on all creditors and parties in interest, and all creditors and parties in interest are barred from asserting claims against

the Receiver, Receiver Affiliates, or the Property on account of the distributions set forth in the Final Accounting.

4.     Upon discharge of the Receiver, the Receiver and Receiver Affiliates are released from any and all claims, liabilities, or other obligations relating to the Receiver's administration of the Property.

5.     Upon discharge of the Receiver: (a) the receivership established pursuant to the Receivership Order shall be terminated, without further order of this court; (b) the Receiver's authority to manage, operate, or control the assets of the Property shall be terminated, without further order of this court; (c) the Receiver shall be relieved of any further obligation or duty with respect to the assets of the Property, without further order of this court; and (d) the Receiver and Receiver Affiliates shall be fully and forever released and discharged from any and all liability for acts taken pursuant to and in furtherance of the Receivership Order, including, but not limited to, any and all claims, cross-claims, counterclaims, causes, damages, and actions, of every kind, character, and description, whether direct or indirect, known or unknown, disclosed or hidden, in law or in equity, which any person, entity or party has or will have against the Receiver, Receiver Affiliates, or their respective affiliates on account of, arising, or resulting from, or in any manner incidental to, the receivership established by the Receivership Order, the Receiver's actions or inactions as Receiver, the Receiver Affiliates' actions or inactions in representing the Receiver, the Receiver's possession or use of all or any portion of the Property, the administration of the Property, or any other acts or omissions of the Receiver or the Receiver Affiliates

6.     Upon making any remaining disbursements set forth in the Final Accounting, the Receiver shall turn over the balance of the funds of the Property to the Indenture Trustee as provided for in paragraph 4.q. of the Receivership Order.

7.     Upon making any remaining disbursements set forth in the Final Accounting, the Receiver is authorized to return administration and control over the Property to Senior Care.

It is so **ORDERED**.

Signed on Galveston Island this 30th day of June, 2020.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE